**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Jonathan Montrel Jones, Debtor               Case No. 25-50589-KMS
                                                      **CHAPTER 13**

### NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Dan M. Russell, Jr. U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501 on or before June 4, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on July 8, 2025 at 01:30 PM in the William Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS 39401, unless otherwise ordered by the court. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: April 28, 2025                       /s/ Thomas C. Rollins, Jr.
                                           *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jonathan Montrel Jones** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance    12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$623.25**__ (☐ monthly, ☐ semi-monthly, ☑ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**AAA Cooper Transportation**
**1751 Kinsey Rd**
**Dothan AL 36303-0000**

APPENDIX D                Chapter 13 Plan                Page 1

Debtor **Jonathan Montrel Jones**  Case number

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3  Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3:  Treatment of Secured Claims

**3.1  Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply*.
☐  **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑ 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**  Mtg pmts to **Cascade Financial**
Beginning **May 2025**    @    **$1,085.00**  ☑ Plan  ☐ Direct.  Includes escrow ☑ Yes ☐ No

**1**  Mtg arrears to **Cascade Financial**  Through **April 2025**  **$4,479.40**

**3.1(b)** ☐  **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property **-NONE-** address:
Mtg pmts to
Beginning  month    @    Plan  Direct.  Includes escrow  Yes  No

Property **-NONE-**  Mtg arrears to    Through

**3.1(c)** ☐  **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: **-NONE-**  Approx. amt. due:  Int. Rate*:
Property Address:
Principal Balance to be paid with interest at the rate above:
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ **-NONE-** /month, beginning   month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

**Mississippi Chapter 13 Plan**   Page 2

Debtor **Jonathan Montrel Jones** Case number

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2** **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Ally Financial, Inc | 2020 Chevrolet Silverado 79000 miles | $47,683.00 | 10.00% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4** **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Tower Loan | Household Goods |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

☑ No look fee: **4,000.00**

Debtor     **Jonathan Montrel Jones**                                 Case number

Total attorney fee charged:        $**4,000.00**

Attorney fee previously paid:      $**2,622.00**

Attorney fee to be paid in plan per confirmation order:   $**1,378.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ Internal Revenue Service      **$4,484.04**                                 .
☐ Mississippi Dept. of Revenue  **$0.00**                                     .
☐ Other   _____   **$0.00**                                     .

**4.5    Domestic support obligations.**

☐ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO:  **Charlene Chapman**
POST PETITION OBLIGATION: In the amount of $ **135.00**           per month beginning  **May 2025**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **16,225.87**          through  **April 2025**
which shall be paid in full over the plan term, unless stated otherwise:  **payroll deducted, not attempting to discharge**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

DUE TO:  **Erica Brown**
POST PETITION OBLIGATION: In the amount of $ **135.00**           per month beginning  **May 2025**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **14,354.15**          through  **April 2025**
which shall be paid in full over the plan term, unless stated otherwise:  **payroll deducted, not attempting to discharge**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

DUE TO:  **Lakita Roberts**
POST PETITION OBLIGATION: In the amount of $ **135.00**           per month beginning  **May 2025**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **15,158.69**          through  **April 2025**
which shall be paid in full over the plan term, unless stated otherwise:  **payroll deducted, not attempting to discharge**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

DUE TO:  **Paris Jones**
POST PETITION OBLIGATION: In the amount of $ **154.00**           per month beginning  **May 2025**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **3,977.32**           through  **April 2025**
which shall be paid in full over the plan term, unless stated otherwise:  **payroll deducted, not attempting to discharge**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

DUE TO:  **Patrice Trotter**
POST PETITION OBLIGATION: In the amount of $ **214.00**           per month beginning  **May 2025**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **14,964.18**          through  **April 2025**
which shall be paid in full over the plan term, unless stated otherwise:  **payroll deducted, not attempting to discharge**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

DUE TO:  **Zanetra Henderson**

Debtor   **Jonathan Montrel Jones**                                             Case number

POST PETITION OBLIGATION: In the amount of $ **200.00**                      per month beginning   **May 2025**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **4,477.10**                      through   **April 2025**
which shall be paid in full over the plan term, unless stated otherwise:   **payroll deducted, not attempting to discharge**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

*Insert additional claims as needed.*

### Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $
☑   **100.00** % of the total amount of these claims, an estimated payment of $ **12,048.00**
☐   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2   Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑   **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6:   Executory Contracts and Unexpired Leases

**6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7:   Vesting of Property of the Estate

**7.1   Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8:   Nonstandard Plan Provisions

**8.1   Check "None" or List Nonstandard Plan Provisions**
☐   **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
**Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**

### Part 9:   Signatures:

**9.1   Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X   **/s/ Jonathan Montrel Jones**                                   X   _____
    **Jonathan Montrel Jones**                                            Signature of Debtor 2

**Mississippi Chapter 13 Plan**                                                                                 Page 5

| | | | |
|---|---|---|---|
| Debtor | **Jonathan Montrel Jones** | Case number | |

Signature of Debtor 1

Executed on  **April 23, 2025**                    Executed on  _____

**3461 Hwy 528**
Address                                                                     Address
**Heidelberg MS 39439-0000**
City, State, and Zip Code                                       City, State, and Zip Code

_____                                _____
Telephone Number                                                 Telephone Number

X  **/s/ Thomas C. Rollins, Jr.**                       Date  **April 23, 2025**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**                                                    **103469 MS**
Telephone Number                                                 MS Bar Number
**trollins@therollinsfirm.com**
Email Address

**Mississippi Chapter 13 Plan**                                                                        Page 6

## **CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: April 28, 2025                                /s/ Thomas C. Rollins, Jr.
                                                                *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br>JONATHAN MONTREL JONES | CASE NO: 25-50589<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 4/28/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/28/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601 500 5533
trollins@therollinsfirm.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

JONATHAN MONTREL JONES

CASE NO: 25-50589

**CERTIFICATE OF SERVICE DECLARATION OF MAILING**

Chapter: 13

On 4/28/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/28/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

```
USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CASE INFO                                    ~~EXCLUDE~~

 LABEL MATRIX FOR LOCAL NOTICING             ~~US BANKRUPTCY COURT~~                ACIMA
NCRS ADDRESS DOWNLOAD                        ~~DAN M RUSSELL  JR US COURTHOUSE~~   9815 S MONROE ST
CASE 25-50589                                ~~2012 15TH STREET  SUITE 244~~       SANDY  UT 84070-4296
SOUTHERN DISTRICT OF MISSISSIPPI             ~~GULFPORT  MS 39501-2036~~
MON APR 28 12-2-10 PST 2025




ALLY FINANCIAL  INC                          (P)CASCADE FINANCIAL                  CHARLENE CHAPMAN
ATTN BANKRUPTCY                              BANKRUPTCY DEPT                       306 EMERALD LAKES DR
PO BOX 380901                                2701 E INSIGHT WAY                    APT 302
BLOOMINGTON  IL 55438-0901                   STE 150                               HENRICO  VA 23233-7119
                                             CHANDLER AZ 85286-1930




ERICA BROWN                                  INTERNAL REVENUE SERVI                INTERNAL REVENUE SERVI
21 COUNTY ROAD 395                           CENTRALIZED INSOLVENCY                CO US ATTORNEY
VOSSBURG  MS 39366-5076                      PO BOX 7346                           501 EAST COURT ST
                                             PHILADELPHIA  PA 19101-7346           STE 4430
                                                                                   JACKSON  MS 39201-5025




LAKITA ROBERTS                               MSDHS                                 ONEMAIN FINANCIAL
33 COUNTY ROAD 3113                          ATTN CONSTANCE MORROW                 ATTN BANKRUPTCY
HEIDELBERG  MS 39439-3614                    PO BOX 352                            PO BOX 142
                                             JACKSON  MS 39205-0352                EVANSVILLE  IN 47701-0142




PARIS JONES                                  PATRICE TROTTER                       (P)TOWER LOAN
131 COUNTY ROAD 5230                         1613 COUNTY ROAD 39                   P O BOX 320001
HEIDELBERG  MS 39439                         LOUIN  MS 39338                       FLOWOOD MS 39232-0001




                                             ~~EXCLUDE~~

US ATTORNEY GENERAL                          ~~UNITED STATES TRUSTEE~~              ZANETRA HENDERSON
US DEPT OF JUSTICE                           ~~501 EAST COURT STREET~~              212 SUNFLOWER AVENUE
950 PENNSYLVANIA AVENW                       ~~SUITE 6-430~~                        HATTIESBURG  MS 39402-9263
WASHINGTON  DC 20530-0001                    ~~JACKSON  MS 39201-5022~~




                                             DEBTOR                                 ~~EXCLUDE~~

(P)DAVID RAWLINGS                            JONATHAN MONTREL JONES                 ~~THOMAS CARL ROLLINS JR~~
ATTN DAVID RAWLINGS CHAPTER 13 TRUSTEE       3461 HWY 528                           ~~THE ROLLINS LAW FIRM  PLLC~~
PO BOX 566                                   HEIDELBERG  MS 39439-3509              ~~PO BOX 13767~~
HATTIESBURG MS 39403-0566                                                           ~~JACKSON  MS 39236-3767~~
```